OHIO STATE UNIVERSITY, COLLEGE OF SOCIAL AND BEHAVIORAL SCIENCES, APPELLANT, *v.* OHIO CIVIL RIGHTS COMMISSION ET AL., APPELLEES.

[Cite as Ohio State Univ., College of Social & Behavioral Sciences *v.* Ohio Civil Rights Comm. (1991), 57 Ohio St. 3d 615.]

(No. 90-47—Submitted January 8, 1991—Decided February 20, 1991.)

*Vorys, Sater, Seymour & Pease, G. Ross Bridgman* and *Jonathan R. Vaughn; Lee I. Fisher,* attorney general, and *Gary E. Brown,* for appellant.

*Lee I. Fisher,* attorney general, and *Joseph D. Rubino,* for appellee Ohio Civil Rights Commission.

*Spater, Gittes, Schulte & Kolman, Frederick M. Gittes* and *Kathleen B. Schulte,* for appellee Amy Zaharlick.

*Isaac, Brant, Ledman & Becker* and *David H. Meade,* urging affirmance for *amici curiae,* Ohio Chapter of the National Organization for Women et al.

The cause is dismissed, *sua sponte,* as having been improvidently allowed.

The court orders that the court of appeals' opinion not be published in the Ohio Official Reports.

SWEENEY, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

MOYER, C.J., HOLMES and WRIGHT, JJ., dissent.

H. BROWN, J., concurring. I concur in the decision to dismiss this case as improvidently allowed. I write separately in response to the dissenting opinions of my colleagues because I believe they may give the reader an inaccurate impression of what this case involves and why we have dismissed it.

This case was presented to us by appellant, the Ohio State University ("OSU"), as concerning an alleged failure to make reasonable accommodation to Dr. Amy Zaharlick's visual handicap as required by Ohio Adm. Code 4112-5-08(E). OSU sought to challenge both the validity of Ohio Adm. Code 4112-5-08(E) and the sufficiency of the evidence on which the Ohio Civil Rights Commission found that OSU had violated that regulation. Presumably, we accepted the case in order to consider these issues.

Once we had the opportunity to review the record and consider the briefs and oral arguments of the parties, it became clear that this case was not about accommodation. The evidence adduced before the commission established that Dr. Zaharlick, who is undeniably a handicapped person, was subjected to a tenure evaluation conducted in an egregiously unfair manner. This is a classic example of disparate treatment. On the evidence in the record, the commission could, and did, reasonably conclude that OSU discriminated against Dr. Zaharlick because of her handicap. The evidence could also support other, competing inferences, some of which my colleague Justice Wright identifies in his dissent. As a reviewing court, however, we would be bound to uphold the commission's finding and order because it is "supported by reliable, probative, and substantial evidence." *Plumbers &*

*Steamfitters Commt.* v. *Ohio Civil Rights Comm.* (1981), 66 Ohio St. 2d 192, 20 O.O. 3d 200, 421 N.E. 2d 128, paragraph two of the syllabus.

Unfortunately for all concerned, the commission also stated in its opinion that OSU had failed to accommodate Dr. Zaharlick's handicap. As the dissent correctly notes, the issue of reasonable accommodation is not really present; it is a "red herring" injected into the case by loose drafting.

The validity of Ohio Adm. Code 4112-5-08(E) and the quantum of proof necessary to establish a violation of that regulation — the issues for which we accepted jurisdiction in this case — are irrelevant to the outcome. Any opinion we would issue would be nothing more than an application of the *Plumbers & Steamfitters* standard of review, settled law which the parties do not dispute, to the specific facts of this case.

There is little point in such an exercise. While there are many important issues surrounding the application and construction of Ohio Adm. Code 4112-5-08(E) which this court should consider, we should wait until they are squarely presented in another case.

MOYER, C.J., dissenting. I respectfully dissent from the opinion of the majority because whatever characterization may be given the conduct of certain of appellant's administrative personnel, there is virtually no evidence supporting the conclusion that Dr. Amy Zaharlick was not promoted to an associate professorship because she is blind. Rather than dismissing the case as improvidently allowed, this court should have clarified the law with respect to accommodating handicapped persons, given the erroneous decision of the court of appeals in upholding the order of the Ohio Civil Rights Commission.

HOLMES, J., concurs in the foregoing dissenting opinion.

WRIGHT, J., dissenting. The impact of dismissing this case as improvidently allowed will be to perpetuate the mistaken belief that Ohio State University's treatment of Dr. Amy Zaharlick was the result of discrimination towards the handicapped. I find nothing in the record persuasive of the contention that the initial decision to deny tenure and promotion based on the recommendation of a newly appointed dean was the result of bias toward someone legally blind. Was that decision a clear violation of the university's own regulations, particularly in the face of overwhelming faculty support in favor of Zaharlick? Yes, it was. Did that decision reflect the pettiness of academicians incapable of assessing worth other than by counting refereed entries in a vita? Probably so.

Given these circumstances, Zaharlick had a straightforward remedy — file suit in the Court of Claims. The Franklin County Court of Appeals has held that: "A court should intervene [in a decision involving an application for tenure] only where an administration has * * * abused its discretion * * *." *Gogate* v. *Ohio State Univ.* (1987), 42 Ohio App. 3d 220, 226, 537 N.E. 2d 690, 695. To be denied tenure and promotion in the face of such support would certainly give rise to a claim of abuse of discretion.

That the lower courts, and the majority of this court, presumed bias when confronted with this scenario is understandable, but not supportable on the basis of the record. The simple fact is there is less going on here, rather than more. Body after body within the university found Dr. Zaharlick qualified for tenure and promotion. A new dean came to a contrary

conclusion. But simply because the inchoate process by which some deans arrive at tenure decisions is comparable to divining the future from tarot cards *does not* make that process a violation of R.C. Chapter 4112. The hearing examiner for the Ohio Civil Rights Commission in this case, struggling to fathom this process, determined in her conclusions of law that the university had failed "to reasonably accommodate Complainant's handicap because Respondent refused to adjust the tenure and promotion requirements to establish an alternative measurement of scholarship, rather than requiring Complainant to 'publish or perish,' since Complainant's ability to publish was impaired by her handicap." Zaharlick had sought no such adjustment — the record clearly shows she needed none based upon her handicap. The final irony is that the dean who made the challenged decision has both a son and nephew who are blind. Appellees contend this fact is irrelevant, but in a case where there is *no* direct evidence of the type of discriminatory conduct prohibited by statute, all surrounding circumstances become fertile ground for evidence. *Grano* v. *Columbus Dept. of Development* (C.A. 6, 1980), 637 F. 2d 1073, at fn. 7.

What we have here is an effort to do what is right, but the effort has led us to discard our proper role of interpreting the law in order to ratify an erroneous conclusion because it serves a just end.

Perhaps it is better that we do not write in such a case if that is to be the result.

I dissent, therefore, not because I would deny Zaharlick a promotion she deserves, but because I believe the courts below and the Ohio Civil Rights Commission found a discriminatory intent where none existed.